**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

LISA DUNN,                       )
                                      )
           **Plaintiff,**        )
                                        )
      **v.**                       )        **CAUSE NO. 03-CV-262-WDS**
                                        )
**WASHINGTON COUNTY HOSPITAL**  )
**and THOMAS J. COY, D.O.,**       )
                                        )
          **Defendants.**      )

<u>**MEMORANDUM & ORDER**</u>

**STIEHL, District Judge:**

Before the Court is defendant Thomas Coy's motion to bifurcate the trial, to which plaintiff has filed a response.

Plaintiff alleges that she was sexually harassed by defendant Thomas Coy while she was employed by defendant Washington County Hospital from 1998 to May, 2002.  The remaining claims in this action are a Title VII action against the hospital and a state law assault and battery claim against Dr. Coy.  Dr.  Coy seeks to bifurcate the trial so as to receive a separate trial from that of the hospital.

Plaintiff filed her complaint on April 28, 2003 and amended it on December 29, 2003 to add Dr. Coy as a defendant.  Dr. Coy asserts that under Illinois' two-year statute of limitations, plaintiff can only recover from Dr. Coy for events that occurred during the two years prior to the filing of the amended complaint.[1]  735 ILCS 5/13-202.1.  Dr. Coy argues that alleged incidents of touching and harassment that occurred prior to December 29, 2001 would be irrelevant and

---

[1]The assault and battery action essentially arises from an alleged incident that occurred on April 25, 2002, in which Dr. Coy pinned plaintiff against a cabinet, grabbed her arm and patted her face with his fist.

inadmissible as evidence of "other bad acts" under F.R.E. 404(b).

Dr. Coy claims that although such evidence would be inadmissible against him, it may be admissible with respect to plaintiff's Title VII claim against the hospital, and that such evidence would be highly prejudicial to him.  Accordingly, he seeks to bifurcate the trial of the two remaining claims in this case.  Plaintiff objects.

Rule 42(b) of the Federal Rules of Civil Procedure provides that:

The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Only one of these criteria needs to be satisfied for the Court to order a separate trial. *Dewitt v. Kovalic*, 991 F.2d 1243, 1245 (7th Cir.1993).

Here, Dr. Coy alleges that bifurcation of the two claims is essential in order to avoid prejudice to him.  The Court disagrees. First, it is not a foregone conclusion that evidence leading up to the final alleged assault and battery will be inadmissible as to Dr. Coy.  As plaintiff points out, evidence of those acts may be admissible to prove motivation and intent to injure the plaintiff.  See, Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....").  Second, even if such evidence is deemed inadmissible against Dr. Coy, which gives rise to the possibility that Dr. Coy could be prejudiced by a combined trial, the Court does not agree that this potential for

2

prejudice, which can be remedied through a proper limiting instruction to the jury, outweighs the efficiency concerns which clearly favor a single trial.

Accordingly, the Court **DENIES** the motion to bifurcate the trial.

**IT IS SO ORDERED.**

**DATED:  March 15, 2006.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**
